Kenneth A. Okazaki (USB # 3844)
 kokazaki@joneswaldo.com
JONES WALDO HOLBROOK & McDONOUGH PC
170 South Main Street, Suite 1500
Salt Lake City, Utah  84101
Telephone:  (801) 521-3200
*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| XLEAR, INC., a Utah corporation, and JONES BOZEMAN FAMILY LIMITED PARTNERSHIP, | : : : : | **COMPLAINT FOR PATENT INFRINGEMENT** |
| Plaintiffs, | : : | |
| vs. | : : | Civil No. |
| BIOGENESIS NUTRACEUTICALS, INC., a Texas corporation, | : : : : | Judge |
| Defendant. | : | |

Plaintiffs Xlear, Inc. ("Xlear") and Jones Bozeman Family Limited Partnership ("JBFLP"), through their undersigned counsel, bring this complaint against Defendant Biogenesis Nutraceuticals, Inc. ("Defendant") as follows:

### PARTIES

1. Xlear is a Utah corporation doing business in the State of Utah and having a principal place of business at 723 South Auto Mall Drive, American Fork, Utah 84003.

2. JBFLP is a limited partnership with its principal place of business at 812 West 8th, Suite 2A, Plainview, Texas 79072.

1159775\1

3. On information and belief, Defendant is a Texas corporation, having a principal place of business at 18303 Bothel-Everett Hwy #110, Mill Creek, Washington 98012.

## JURISDICTION AND VENUE

4. This is a civil action for patent infringement under the patent laws of the United States and, more specifically, under 35 U.S.C. §§ 271, 281, 283, 284 and 285. In the alternative, this action involves violations of the federal Lanham Act, 15 U.S.C. § 1125(a). Jurisdiction is conferred by 28 U.S.C. § 1331 because this action arises under federal law.

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1400 and 1391(b) and (c).

## GENERAL ALLEGATIONS

6. U.S. Patent No. 6,054,143 ("the '143 patent") was issued on April 25, 2000 bearing the title "Xylitol Delivery" (**Exhibit A**). The '143 patent relates generally to a method of nasal application of Xylitol.

7. U.S. Patent No. 6,258,372 ("the '372 patent") was issued on July 10, 2001 bearing the title "Xylitol Nose Spray" (**Exhibit B**). The '372 patent relates generally to a nasal spray formulation containing Xylitol.

8. JBFLP is the owner of the '143 and '372 patents and Xlear is the exclusive licensee of the '143 and '372 patents. *See* License Agreement, attached hereto as **Exhibit C**.

9. The '143 and '372 patents have not expired and are in full force and effect.

## FIRST CAUSE OF ACTION
(Patent Infringement)

10. Dr. Alonzo H. Jones ("Dr. Jones"), the inventor of the technologies claimed in the '143 and '372 patents, began his research on the effects of Xylitol in response to his granddaughter's frequently recurring earaches.

- 3 -

11.     Dr. Jones, who was an independent family physician practicing in Hale Center, Texas, studied the research pointing to the anti-bacterial affects of Xylitol in the prevention of tooth decay.  Dr. Jones also recognized that many infection-causing bacteria enter through the nose, and that chronic inadequate nasal hygiene accounts for most upper respiratory infections including Otitis media (middle ear infections), asthma, sinusitis and allergies.

12.     Applying the information obtained in his research in a novel way, Dr. Jones experimented on the effects and benefits of nasal sprays containing Xylitol.

13.     Through his experimentation Dr. Jones discovered that Xylitol administered through the nose did have a beneficial and/or preventative effect on a variety of upper respiratory bacterial infections.

14.     A provisional patent application related to this discovery (application no. 60/079184) was filed with the U.S. Patent and Trademark Office (USPTO) on March 24, 1998.  Two non-provisional U.S. patent applications (Application Nos. 09/220,283 and 09/517,929) were subsequently filed claiming priority to the provisional application.  These non-provisional applications issued as the '143 and the '372 patents respectively.

15.     Due to the long felt need for Dr. Jones' inventions, sales of Xlear nasal washes and sprays incorporating the patented technology were and continue to be substantial.

16.     Xlear has recently become aware that Defendant is selling or offering to sell nasal sprays containing Xylitol through its website in its 2013-14 Catalog at http://www.bio-genesis.com/pdf/AboutBioGenesis.pdf.  A copy of the representative sales materials are attached hereto as **Exhibit D** and the relevant advertisement is on page 28, item number 605.  Defendants is selling or offering to sell nasal sprays containing Xylitol through other websites, including

http://pureformulas.com/nasorepair-15-oz-by-biogenesis-nutraceuticals.html. A copy of the additional representative sales materials are attached hereto as **Exhibit E**.

17. On information and belief, Defendant's nasal sprays include by weight approximately 100 parts of water, and between 65 parts to 1 part of xylitol/xylose, or in other words, an "effective amount of xylitol/xylose," and therefore infringe either literally, equivalently or contributorily one or more claims in the '372 patent.

18. On information and belief, Defendant's nasal sprays also instruct and actively induce users to nasally administer xylitol/xylose in solution, and therefore infringe either literally, equivalently or contributorily one or more claims in the '143 patent.

19. On information and belief, Defendant has conducted itself in the foregoing manner with knowledge of the '143 and '372 patents and therefore its infringement is considered to be willful.

20. On information and belief Defendant will continue to willfully, wantonly and deliberately engage in acts of infringement either literally, equivalently or contributorily without regard to JBFLP's patents, or Xlear's exclusive license thereto, and will continue to do so unless otherwise enjoined by this court.

21. The amount of money damages which JBFLP and Xlear have suffered due to Defendant's acts of infringement cannot be determined without an accounting and is thus subject to proof at trial. The harm to JBFLP and Xlear arising from Defendant's acts of infringement of the '143 and '372 patents is not fully compensable by money damages and further results in irreparable harm to JBFLP and Xlear.

## SECOND CAUSE OF ACTION
(Violation of Federal Lanham Act, 15 U.S.C. § 1125(a))

22. Plaintiff incorporates the preceding allegations as though set forth fully herein.

23. In the alternative, if Defendant claims that its nasal spray products do not infringe the '143 and '372 patents, Defendant has made, and will continue to make, false and/or misleading statements about its nasal spray product in advertisements by implying that its products contain an effective amount of xylitol.  *See* **Exhibits D & E**.

24. The false and/or misleading statements regarding Defendant's nasal spray products actually deceive or tend to deceive a substantial portion of potential customers.

25. The false and/or misleading statements are material in that it is likely to influence the purchasing decisions of potential customers.

26. Defendant caused the false and/or misleading statements as well as its nasal spray products to enter interstate commerce.

27. As a result of Defendant's actions, Plaintiffs have been, and will continue to be, damaged, in an amount to be determined at trial.

28. Plaintiffs have incurred legal fees and costs as a result of Defendant's intentional, deliberate, and willful misconduct, for which Plaintiffs seek compensation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray:

A. For a judgment holding Defendant liable for infringement of the '143 and '372 patents;

B.  For a preliminary and permanent injunctive relief enjoining Defendant, its officers, agents, servants, employees and attorneys and all other persons in acts of concert or participation with Defendant from further infringement of the '143 and '372 patents;

C.  In the alternative, for a judgment holding that Defendant has violated the federal Lanham Act, 15 U.S.C. § 1125(a) for false and/or misleading advertising;

D.  In the alternative, for a preliminary and permanent injunctive relief enjoining Defendant, its officers, agents, servants, employees and attorneys and all other persons in acts of concert or participation with Defendant from advertising its nasal spray products with xylitol in a false or misleading manner.

E.  For an award to JBFLP and Xlear of their damages and that such damages be trebled in view of the willful and deliberate nature of Defendant's infringements;

F.  Requiring that Defendant account to JBFLP and/or Xlear for all the gains, profits and advantages realized from its infringement and unlawful use of the inventions patented and described in the '143 and '372 patents;

G.  That this be declared an exceptional case and that Plaintiffs be awarded their attorney's fees;

H.  For an award of Plaintiffs' costs of this action;

I. For an award of Plaintiffs prejudgment interest on any amounts of actual damages; and

J. For such other and further relief to which this court deems Plaintiffs may be entitled in law and in equity.

Dated this 3rd day of June, 2014

                        JONES WALDO HOLBROOK & McDONOUGH PC

                        By:  */s/ Kenneth A. Okazaki*
                            Kenneth A. Okazaki (USB # 3844)
                            *Attorneys for Plaintiffs*